By the Court.—Sanford, J.
The matters set up in the second and third separate defenses of the answer of the defendants Rand, to which the plaintiffs demur as insufficient, either by way of defense or counterclaim, are not asserted as constituting a cause of action against the plaintiffs, or as affording good ground for any affirmative relief. They are relied upon as constituting equitable defenses against the demand of the plaintiffs to be indemnified out of the partnership assets and effects, for the entire amount of the trust fund in *112 vested by More in the partnership business, with interest thereon, irrespective of any question of profit or loss in said business, and without regard to the rights and interests of the defendants Rand in the partnership assets and effects, as between said defendants and their copartner More. The plaintiffs contend that they are entitled to be repaid from the partnership property of the defendants, the amount of the trust fund invested therein by More, with interest, or that, if they shall so elect, they may take, at their option, such proportionate share- of the property and profits as the trust estate represented in the enterprise. The defendants Rand, on the other hand, insist that as they acquired their interest in the property and business at More’s instance, and upon his representations and agreements, without any knowledge or notice of the rights or claims of the plaintiffs to the moneys invested by him, their equities are paramount, and that, in the adjustment and distribution of the partnership assets, their rights and claims as against More should be fully protected, before those of the plaintiffs are allowed to be enforced. The facts alleged in the defenses demurred to were intended to raise this question, and it is this question, principally, which has been presented and discussed on the argument. If, upon the facts stated, the plaintiffs’ claim to the trust moneys invested in the partnership property by More, is to be subordinated to the rights of the defendants Rand, as between More and themselves, then those facts are properly averred by way of equitable defense, and the demurrer cannot be sustained. If, on the other hand, the plaintiffs are entitled to trace their funds into the assets of the partnership to their full extent, or even to the extent of the nominal share or interest therein of More, irrespective of any settlement and accounting as between him and the defendants Rand, then the claims of said defendants, founded on his alleged frauds upon, and *113 his breaches of contract with them, are irrelevant and immaterial. In an action for an accounting between f he defendants More and Rand with respect to the co-partnership between them, the facts averred in the separate defenses now under consideration, were held by the court of appeals to be available in favor of the Rands by way of counter-claim against More, for the reason that the action was, in a general sense, founded upon the contract of September 17, which provided contingently for the copartnership subsequently created, and the fraud of More, in inducing'the defendants Rand to enter into that contract, might be regarded as a cause of action in their favor against the plaintiffs, arising out of the contract upon which the action was founded (More v. Rand, 60 N. Y. 212).
The court declined to consider whether independently of the code such a cross defense would be entertained by a court of equity in an action for the dissolution of a copartnership, but cited authorities tending to support the affirmative of this question, and asserted, broadly, that the policy of the law in recent times allows parties to bring into a single action, so far as it can conveniently be done, all the controversies between them, for final and complete adjustment. An examination of the authorities so cited has satisfied me, that the facts alleged in the defenses demurred to would be good in equity, as constituting a proper and available cross defense as between the defendants and More, in a suit for the settlement and adjustment of their partnership affairs, and that the exclusion of those facts from consideration in such a suit would result in hardship and injustice (See especially McKenna v. Parker, 36 L. J., Eq., 366). The same must be true, with reference to the claim of the plaintiffs in this suit, unless the equities in their favor are paramount to those of the defendants. It is conceded that the estate of a cestui que trust is liable and can be *114 held for the fraud of Ms trustee, by a purchaser of the trust property itself for a full and fair price, without notice of the trust. The contribution of trust property to the capital stock of a copartnership at the time of its formation is closely analogous to its sale and purchase. The other partners make their contributions and enter into their engagements on the faith of it. They become vested for a good and valuable consideration with the legal title to it. There would seem to be but little difference, in principle, between a contract of sale and a contract of partnersliip, upon this particular question. The equity of the defendants arises out of the fact that More had the legal title and possession, with all the evidences of absolute ownership, and that the defendants Eand were not only Avithout actual knowledge or notice of the trust upon Avhich he held the property, but were in no Avay put upon inquiry Avith respect to his title to it.
In such case, the same principle Avould seem to be applicable which has controlled in bankruptcy, Avhere I he general rule is, that if some of the members of a firm apply moneys, which they hold in trust to partnership purposes, with the knowledge of the firm, the trust still attaches ; the firm are responsible for the transaction and hold the moneys either as trustees or as debtors to the cestui que trust. In cases of this nature, the cestui que trust has a right to have the subject of the breach of trust restored to him in the manner most beneficial to himself, and consequently to consider it either as a debt of the firm from the time the breach of trust took place, or to be made good in specie, as he shall elect (Collyer on Par in. § 456). But Avhere a partner lends trust money to his firm, his cestui que trust do not become creditors of the firm, and are not entitled to share as such in the distribution of its assets unless the fact of its being trust money is knoAvn to the other parties (Jacques v. *115 Marquand, 6 Cowen, 497; Exp. Heaton, Buck, 386; Exp. Apsey, 3 Br. Ch. 265 ; Exp. Watson, 2 Ves. & Beam. 414 ; Willett v. Stringer, 17 Abb. Pr. 152).
. The individual interest of the partner who has been guilty of the breach of trust can alone be resorted to, and that is only to be ascertained upon a final settlement and adjustment of the partnership estate as between the partners. The equities in favor of the other partners are stronger where the trust funds are not merely loaned to the partnership, but are contributed as capital upon a good consideration ; and, especially, where, as in this case, the right of the partner to appropriate them is not in terms impugned, and no breach of faith, or misappropriation is charged upon or imputed to him. The action of More in originally investing the trust moneys in the joint purchase with Holly of the St. Cloud Hotel is not disaffirmed by the plaintiffs, nor do they in anywise repudiate or disavow (he contract of September 17, between More and Holly and the defendants Rand. I am of opinion, that they are bound by the terms of that contract, and that, inasmuch as the Rands, in an action founded upon that contract, may avail of the facts alleged in the defenses demurred to, by way of defense or counter-claim against More, so should the plaintiff be held in the present action, so far as the partnership property is concerned, to a like accountability for the frauds of More, in inducing the defendants to enter into that contract. In other words, they should only be permitted to withdraw from the copartnership assets what More might have withdrawn had be been vested with the absolute ownership of the funds invested therein, instead of holding them, as he did, merely in trust.
The order appealed from should be affirmed with costs.
Curtis, Ch. J., concurred.